## JOSEPH GRIFFIN

*v.*

## THE CITY OF BELLEVILLE.

1. APPEAL BOND—*on appeals from assessments in a municipal corporation.* On an appeal to the circuit court, by the owner of real estate, against which a judgment had been rendered in the county court for non-payment of a special assessment in the city of Belleville, the appeal bond should be executed to the city of Belleville, or to the people of the State of Illinois for the use of the city, in analogy to appeals from judgments for the State and county taxes. A bond running " to the county judge, or his successor in office, for the use of the people of the county," is insufficient.

2. SAME—*amending appeal bond.* It cannot be assigned for error that the circuit court refused a motion for leave to amend a defective appeal bond in cases where the statute does not expressly provide for such amendment. It is a matter of discretion with that court.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Mr. WILLIAM H. UNDERWOOD and Mr. MARSHALL W. WEIR, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an application originally made in the County Court of St. Clair county, by the city of Belleville, for judgment against certain town lots of the appellant, under a special assessment for a sewer. The judgment was rendered and the owner appealed to the circuit court. The appellee in that court moved that the appeal be dismissed, assigning, among other grounds, that no appeal would lie under the city charter, from an order of this character, and if an appeal would lie, that the bond in this case was insufficient. The court held the bond insufficient, and refusing a cross-motion for leave to amend, dismissed the appeal.

Counsel, in their briefs, have presented both these questions, but it is unnecessary, for the disposition of this case, to decide whether an appeal would have lain if the bond had been properly given. It appears by the record, that the circuit court dismissed the appeal for the insufficiency of the bond, and it is clear the bond was not in proper form. It ran " to the county judge, or his successor in office, for the use of the people of the county." Neither the county judge nor the people of the county had any interest in this proceeding. Assuming that an appeal would lie, the bond should have been executed to the city of Belleville, or to the people of the State of Illinois for the use of the city, in analogy to appeals from judgments for State and county taxes. It is admitted by counsel, that the appeal bond was insufficient, but it is urged the court should have allowed the cross-motion for leave to amend. It has, however, been several times decided in this court, that the refusing such a motion by the circuit court, in cases where the statute does not expressly provide for an

amendment of the bond, can not bê assigned for error. It is a matter of discretion with that court. *Crain* v. *Bailey*, 1 Scam. 322; *Harlan* v. *Scott*, 2 ib. 66.

The judgment of the court below is affirmed.

*Judgment affirmed.*