| 54 | 245 |
| 128 | 163 |

| 54 | 245 |
| j192 | 3236 |
| j192 | 6237 |

CITY OF NASHVILLE

*v.*

HENRY WEISER *et al.*

1. APPEAL—*when it will lie.* Under the charter of the city of Nashville, in Washington county, a judgment of the county court of that county against lands and town lots, for the non-payment of taxes levied by the city for school and other purposes, may be appealed from, to the circuit court, and an appeal will also lie from the circuit court to this court, in the same proceeding.

2. APPEAL BOND—*to whom payable, in such case.* On an appeal from a judgment against real estate for non-payment of taxes assessed by a city,

and in which the city alone is interested, the appeal bond is not required to be made payable to the people of the State, but may properly be made payable to the city to which the proceeds of the judgment, when collected, will belong.

3. TAXATION—*opportunity to object to assessments.* Where the charter of a city requires the city council to fix a time for hearing objections to an assessment, the mere designation of the time for such purpose will not satisfy the requirements of the law, but the persons having the power to hear and determine the objections should be in attendance.

4. In this case, the city council, at a meeting previous to the time fixed for hearing objections, had raised the assessment, and yet failed to appear at the time designated, thereby depriving tax payers of any opportunity of being heard. This omission of duty deprived the city of the right to have a judgment for unpaid taxes on such assessment.

5 And where the law designates a newspaper in which notice of the time fixed for hearing objections to an assessment shall be published, a neglect of duty in that regard is in violation of the rights of the tax payer.

6. It is the duty of an assessor of property for taxation to inform the tax payer of the valuation put upon his property, in order that, if it be too high, he may appeal to the proper authority to reduce it.

7. SAME—*waiver of right to object.* A tax payer does not waive his right to object that he has been afforded no proper opportunity to be heard respecting the fairness of an assessment, merely by appearing in court and resisting the entering of a judgment against his property, upon such assessment, but he may urge the want of such opportunity as a reason why the judgment should not be entered.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Messrs. MILLER & HOSMER, for the appellant.

Messrs. PHILLIPS, LECOMPTE & WATTS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application to the county court of Washington county, for a judgment against lands and town lots in the city

of Nashville, for taxes levied by the city for school and other purposes. The application was heard and judgment rendered ordering the sale of the lands and town lots. Thereupon the case was appealed to the circuit court, and, on a trial had in that court, the judgment of the county court was reversed and judgment was rendered for defendants. The case is brought to this court on appeal.

It is first urged that an appeal does not lie in this case, and the charter of the city is referred to as failing to confer the authority to appeal. Sections seven and eight of article nine of the city charter (Private Laws 1869, p. 631) require the city collector, in the name of the city, to collect the taxes in the same manner and with the same power and authority as is required of the sheriff when collecting the State and county tax, and it provides that the judgment of the county court shall have the same effect as though the delinquent list had been returned by the sheriff or collector of the county. What is the effect of this provision? It is manifestly the same that is given to the judgment of the county court on the delinquent list for State, county and other taxes under the general revenue law. This is the only reasonable interpretation that can be given to this provision. To give any other would violate the plain language of the law.

We then come to the inquiry as to the effect of such a judgment. It, if not appealed from, authorizes and requires the collector to sell the lands against which judgment is rendered, on the day named in the collector's notice. The county collector obtains that judgment subject to an appeal to the circuit court, and, if so, it follows that, to have like effect, this judgment was in like manner subject to an appeal. It was the obvious purpose of the law makers to give to the city and to the tax payers, under the judgment, the same rights and powers that had been conferred by the general revenue law. And the law creating graded schools in the city of Nashville (Private Laws 1869, Vol. 3, p. 420, sec. 23,) makes that act a part of the city charter. That act grants the power to levy and collect taxes

for the purpose of maintaining the schools, but makes no specific provision for the collection of such taxes, leaving them to be collected as other city taxes.

It is next urged that the appeal bond was defective because it was payable to the city of Nashville. The thirty-sixth section of the act of 1853, (Scates' Comp. 1077,) declares that the appeal bond on a judgment for delinquent taxes to the State and county shall be payable to the people. This would be the proper mode, and was, no doubt, the practice under the thirteenth section of the act of 1849 (Scates' Comp. 1017), which does not declare how or to whom the appeal bond shall be executed, because the tax, in part, was payable into the State treasury; but in this case the tax, when collected, is payable into the city treasury. In this tax the State has no interest, and no reason is suggested, and none is perceived, why the bond should be made payable to the people. On the other hand, there is great propriety in making it payable to the party entitled to the proceeds of the judgment, when collected, as the law has required in all other cases of appeal. In the case of *Griffin* v. *The City of Belleville*, 50 Ill. 422, it was held, that on an appeal from an assessment, the bond might be payable to the city, or to the people for the use of the city, but not to the county judge. The rule there announced is decisive of this question.

The city charter (Article nine, sec. 2,) requires the city council to fix a time for hearing objections to the assessment list, and that the register shall give notice of the time and place of hearing, in the newspaper publishing the city ordinances. The council fixed the time, but failed to attend, whereby all persons desirous of doing so, were prevented from urging objections, and yet the council, at a previous meeting, had raised the assessments. Nor was the notice given in the corporation newspaper, so far as this record discloses. This was all contrary to law, and violative of the rights of the tax payers. The assessor states that he did not inform the tax payers, when he assessed their property, of the value he placed upon it, but in some cases he informed owners that he valued their property higher

than they did in the lists he required them to furnish him, but this was not general.    In this he manifestly violated his duty.

By the exercise of the taxing power, the citizen is deprived of his property, and it is manifestly his right to have his property so assessed that it shall bear no more than his proportionate share of·the burden.    He also has the right to be informed of the value placed upon it by the assessor, that he may appeal to the board or body having the power to revise and correct the assessment roll, that if wronged by the assessor he may have it corrected ; and it is but fair and reasonable that the assessor should inform him of the value he has placed on his property, and hence it is the assessor's duty.    The law has not given to the assessor the power to go to his office and there arbitrarily fix any value he may choose upon the property of the tax payer, without informing him of the valuation.    All persons have the right to be heard before they can be justly deprived of their property, and the assessment and collection of a tax deprive the individual as effectually as can be done in any other mode, or for any other purpose ; and before it can be legally done, he should have an opportunity of being heard.

In this case, the assessor violated his duty, as it was important to the tax payers to have an opportunity afforded them to appear and be heard before the city council on the valuation placed upon their property, and the council is powerless to repeal the provision of the law conferring the right, nor can they deprive the tax payer of its exercise, and enforce the collection of the tax.    They fixed a time for a hearing, but, for some reason, failed to meet, thus as effectually depriving the tax payers of their rights as if no time had been specified for the purpose.    Failing to meet at the time named, it was their plain duty to have fixed another time, and given the notice required by their charter.    For the failure to comply with this material requirement of the law, the tax is void and can not be collected.

It is, however, urged that appellees, by appearing in the county court to resist the rendition of the judgment for the

tax thus irregularly imposed, waived all right to urge this objection. We fail to perceive the force of the reasoning. Its effect would be, to so hold, to say to the injured party, if you appear in a court to resist a judgment on an illegal assessment, you thereby waive the objection; that if a person appears in a court to resist a wrong, he thereby ratifies and sanctions it. To so hold would effectually prevent tax payers in all cases from availing of any defense, although the statute has secured them the right to appear and show reasons why the judgment should not be rendered. We perceive no error in this record, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*