MATTIE L. GREENE *et al.* Admrs., Defendant in Error, *vs.*
THE L. FISH FURNITURE COMPANY, Plaintiff in Error.

*Opinion filed February 16, 1916.*

1. CONSTITUTIONAL LAW—*what classification will be basis for legislation.* A classification which is based on a rational difference of situation or condition found to exist in the persons or facts on which the classification rests will suffice as a basis for legislation.

2. SAME—*a rightful exercise of police power may affect property interests.* A rightful exercise of the police power is not a violation of the fourteenth amendment of the Federal constitution, even though property interests are affected.

3. SAME—*what is meant by the guaranty of equal protection of laws.* The guaranty of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and in like circumstances.

4. SAME—*province of legislature and of courts as to the police power.* The legislature may determine when the exigency exists for the exercise of the police power, but it is for the courts to determine what are the subjects for the police power and what are reasonable regulations, and whether there is any real or substantial relation between the avowed objects of the law and means devised thereunder for attaining those ends.

5. SAME—*a law must be adapted to ends sought to be accomplished.* To be sustainable as a proper exercise of police power a law must bear some relation to and be adapted to the ends sought to be accomplished.

6. SAME—*what classification of buildings is reasonable in law providing protection in case of fire.*  Section 14 of the Factory act, which seeks to enforce protection against fire in "all factories, mercantile establishments, mills or workshops" for employees, is not an unreasonable classification of buildings and is within the constitutional requirements.

7. PLEADING—*what is the cause of action.*  The cause of action is the thing done or omitted to be done which causes a grievance for which the law gives a remedy.

8. FACTORIES—*duty to provide fire escapes is not dependent on notice from factory inspector.*  The duty to provide fire escapes, under section 14 of the Factory act, is not dependent upon any notice from the factory inspector.

9. EVIDENCE—*application of rule permitting evidence as to the habit of carefulness when there were no eye-witnesses to the fatality.*  The rule that evidence of the habits of the deceased in the matter of carefulness may be introduced where there were no eye-witnesses to the fatality will be applied in an action for damages for the death of an employee in a fire, where, although there were witnesses to the fire, there were none who saw or knew what the deceased was doing or where he was at the time of his death.

10. INSTRUCTIONS—*when instruction referring to obstruction of fire escape is not erroneous in ignoring other means of escape.*  An instruction, in an action under section 14 of the Factory act, which bases a right of recovery on the fact that the defendant "did not, at and before the time of the fire in question, furnish any other means of escape in case of fire on the sixth floor of said building except said means of escape that was so obstructed," (referring to the fire escape,) is not erroneous in ignoring the existence of a freight elevator and stairway as other means of escape, where the evidence shows that they also were obstructed.

11. SAME—*instruction in language of the statute is not erroneous.*  An instruction in the language of the statute upon which an action for damages is based is not erroneous.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

McEWEN, WEISSENBACH & SHRIMSKI, for plaintiff in error.

DAVID K. TONE, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action on the case brought by defendants in error, as administrators of the estate of William S. Greene, deceased, against plaintiff in error, the L. Fish Furniture Company, to recover damages for the death of their intestate, due, as they alleged, to the negligence of said plaintiff in error. A verdict was rendered and judgment entered in the lower court in favor of the administrators, and this writ of error was thereafter sued out in this court by plaintiff in error.

William S. Greene, the deceased, was a checking clerk employed in the office of said furniture company March 25, 1910. On that day he met his death in a fire that occurred in the building occupied by said company. This building, situated on the west side of Wabash avenue, near Nineteenth street, was 50 feet wide, 160 to 175 feet long and six stories in height. An alley was located at the rear or west end of the building. On the sixth floor was the office in which deceased worked,—an L-shaped enclosure 12 or 15 feet wide, running across the entire front of the building from north to south and extending westward on the south side to a point about 60 feet from the rear wall. The rest of the sixth floor was used for storing, exhibiting and re-finishing second-hand furniture. The re-finishing was done in the extreme rear or west end of the building. East of the space used for that work the furniture was stored, and on the portion of the floor nearer the office it was exhibited for sale. In the southwest corner of the building was a freight elevator and immediately north of the elevator was a wooden stairway. About 15 feet north of this stairway, on the west wall of the building, was an iron fire-escape, which was located between two windows and extended from the roof down to the first floor and then to the ground by means of a counter-balance. Attached to this fire-escape at each floor was a metallic balcony, the floor of which was about on a level with the window sills

inside the building.   Sixty feet east of the freight elevator
and within the office enclosure was a passenger elevator.
These two elevators, the stairway and fire-escape were the
only modes of exit from the sixth floor.   The passenger ele-
vator was provided with an automatic device, which, when
a fire occurred, stopped the elevator and shut down trap-
doors between each floor to prevent the fire from spreading
through the elevator shaft.   Salesrooms for furniture were
on the first, second and third floors, while the fourth floor
was used for the re-finishing of new furniture.   On this
floor cans of shellac, alcohol, benzine and varnish were kept.
At about 8:25 on the morning of March 25, 1910, one of
plaintiff in error's employees, while filling some cigar light-
ers with benzine on the fourth floor, accidentally snapped
one of them and ignited a can of benzine, the flames spread-
ing to the furniture in the room.   An explosion followed,
and in a few moments the flames spread to the fourth, fifth
and sixth floors.   The automatic device immediately caused
the passenger elevator to stop, so that it could not be used
as a means of escape.   The testimony tended to show that
two or three loads of furniture, which had been carried up
to the sixth floor on the freight elevator shortly before the
fire occurred, had been left standing in the space directly
in front of the elevator, thus blocking access to this elevator
and the stairway.   Several witnesses also testified that the
aisles ordinarily left for passageways between the furniture
were obstructed on this morning.   Two work benches stood
against the west wall, one of which seems to have been di-
rectly in front of the window opening onto the fire-escape,
and the evidence of certain of the witnesses would indicate
that the location of these benches was an obstruction to
free access to the fire-escape.   The deceased, William S.
Greene, was in the office, and he and a number of his
fellow-employees in the office perished in the fire.

Counsel for plaintiff in error contend that section 14 of
the Factory act, under which this action was brought, is in

violation of the Illinois and Federal constitutions as to "due process of law," and also in violation of the provision of the State constitution which prohibits the passing of special laws.

Section 14 of the Factory act here in question reads as follows: "In all factories, mercantile establishments, mills or workshops, sufficient and reasonable means of escape in case of fire shall be provided, by more than one means of egress, and such means of escape shall at all times be kept free from any obstruction and shall be kept in good repair and ready for use, and shall be plainly marked as such." (Hurd's Stat. 1913, p. 1201.)

Counsel for plaintiff in error argue that there is a clear discrimination in this section between an employee and a customer of a mercantile establishment; that there is no reason for the protection of an employee which does not apply to the customer who may be in such establishment when a fire breaks out. They further argue that this section contains an arbitrary and unconstitutional classification by requiring such an establishment to be equipped with certain means of egress in case of fire, while not requiring equal protection in various establishments which cannot be classified as mercantile but which often employ a large number of people, and sometimes have their offices, particularly in large cities like Chicago, in buildings in which mercantile or manufacturing establishments also are located.

"A law is general, not because it embraces all of the governed, but that it may, from its terms, when many are embraced in its provisions, and all others may be when they occupy the position of those who are embraced." (Hawthorn v. People, 109 Ill. 302; People v. Kaelber, 253 id. 552.) The general rule is that classification will suffice as a basis for legislation if such classification is based on a rational difference of situation or condition found to exist in the persons or facts upon which the classification rests. (People v. Nellis, 249 Ill. 12.) The authority of the legis-

lature to pass this statute rests upon the police power of the State. A rightful exercise of this power is not a violation of the fourteenth amendment even though property interests are affected. (*Powell* v. *Pennsylvania,* 127 U. S. 678; *Hammond Packing Co.* v. *Montana,* 233 id. 331.) The extent of this power has never been defined with precision. Indeed, it cannot be accurately defined, and the courts have not been able or willing definitely to circumscribe it. It is much easier to perceive and realize the source of this power than to mark its boundaries and prescribe its limits. (*Sanitary District* v. *Chicago and Alton Railroad Co.* 267 Ill. 252.) "No rule can be formulated that will cover every case. * * * The guaranty of equal protection of the laws means, 'no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and in like circumstances.'" (*Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540.) The legislature may determine when the exigency exists for the exercise of the police power, but it is for the courts to determine what are the subjects for the police power and what are reasonable regulations, and whether there is any real or substantial relation between the avowed objects of the law and the means devised thereunder for attaining those ends. (*People* v. *Steele,* 231 Ill. 340; *City of Belleville* v. *Turnpike Co.* 234 id. 428.) The law must bear some relation and be adapted to the ends sought to be accomplished. *Bailey* v. *People,* 190 Ill. 28.

Do the kinds of industry mentioned in said section 14 form a class by themselves with reference to the protection of employees, so as to justify the legislature in making provisions for furnishing means of escape from fire which do not apply to other branches of industry? The difference between the employer's liability and responsibility to his employees and to his customers is plainly a reasonable one. Such a classification is not arbitrary. It is frequently made in various statutes. A customer is apt to be in a mercantile

establishment only for a brief period at a given time, while employees are there during all working hours, every week day. A customer is usually in that part of the establishment to which access and from which egress are made easy to invite visits from the public, while employees, especially like those who testified in this case, may be in parts of the establishment from which egress is often much more difficult. Many statutes are passed with the special purpose of pointing out to willing employers, and enforcing against unwilling employers, methods by which to protect the health, safety and morality of their employees which in no way refer to customers. We are of the opinion that the distinction between factories, mercantile establishments, mills and workshops and such business or commercial establishments as are referred to by counsel for plaintiff in error is also reasonable and not an arbitrary classification. It is clearly based on the fact that the danger in such establishments as specified in section 14 is apt to be much greater than in the other establishments mentioned by counsel. The evidence in this case forcibly illustrated how conditions will differ in establishments of this character from what would be almost certain to exist in a large railroad office or commercial agency such as referred to by counsel. Under the reasoning of decisions on similar questions we think the classification here in question would be considered as reasonable and within the constitutional requirements: *City of Chicago* v. *Netcher,* 183 Ill. 104; *Ritchie & Co.* v. *Wayman,* 244 id. 509; *City of Chicago* v. *Bowman Dairy Co.* 234 id. 294; *City of Chicago* v. *Schmidinger,* 243 id. 167; *Schmidinger* v. *City of Chicago,* 226 U. S. 578; *People* v. *Henning Co.* 260 Ill. 554.

The declaration in this case originally consisted of five counts. At the close of plaintiffs' case the court instructed the jury to disregard the first four counts for failure of proof. The fifth count was demurred to and the demurrer sustained. Two additional counts were thereafter filed.

To these two additional counts the defendant filed pleas of the Statute of Limitations, setting up that these counts were for a new cause of action which had not been sued on within one year; that they were not amendments to any count of the original declaration. Counsel for defendants in error demurred to these pleas of the Statute of Limitations, and this demurrer was sustained.

The fifth count set out in great detail the situation existing at the time of the fire in plaintiff in error's building. In substance, the count charged that plaintiff in error was operating a mercantile establishment for the manufacture and repair of furniture and other materials used by it in the prosecution of its business; that it became and was the duty of plaintiff in error to exercise reasonable care to furnish defendants in error's intestate a reasonably safe place to work and to exercise reasonable care to provide a reasonably safe exit to the fire-escape for said intestate and other employees in said building, but that plaintiff in error, contrary to its duty in that behalf, carelessly and negligently failed to furnish the defendants in error's intestate a reasonably safe place in which to work, but, on the contrary, furnished a place that was highly dangerous, owing to the fact that if fire originated within said building no means of escape was furnished to defendants in error's intestate and other servants, and the plaintiff in error then and there carelessly and negligently piled large quantities of furniture, mattresses and other material on the sixth floor, thereby obstructing access to said fire-escape in case of fire, and that defendants in error's intestate, while in the exercise of due care for his own safety, lost his life because plaintiff in error negligently obstructed the way to the fire-escape, so as to make it difficult to reach the same when a fire occurred. We think this count, viewed most favorably to plaintiff in error's contention, was a defective statement of a good cause of action under said section 14 of the act here in question. It is conceded that the two additional

counts state a good cause of action. We think it is clear that the cause of action set up in those two counts is no other or different from that stated in the fifth count, filed before the Statute of Limitations had run. The cause of action is the thing done or omitted to be done which confers the right upon the other to sue,—that is, the wrong against the plaintiffs which caused a grievance for which the law gives a remedy. We think the original fifth count set out facts showing the existence of a duty from the defendant to the deceased, failure to comply with which resulted in the injury to the plaintiffs charged in the original fifth count as well as in the additional counts. *Vogrin* v. *American Steel and Wire Co.* 263 Ill. 474; *Swift Co.* v. *Gaylord,* 229 id. 330; *Chicago City Railway Co.* v. *Hagenback,* 228 id. 290; *North Chicago Street Railway Co.* v. *Aufmann,* 221 id. 614.

Counsel for plaintiff in error further contend that the furniture company was not in default under the Factory act until a reasonable time had elapsed for notice to be given it by the factory inspector to comply with the act. This point was passed on adversely to the plaintiff in error in *Streeter* v. *Western Scraper Co.* 254 Ill. 244, where this same statute was under consideration. The duty to provide fire-escapes under section 14 is not dependent upon any notice from the factory inspector. In *Arms* v. *Ayer,* 192 Ill. 601, the statute required the erection of fire-escapes on certain buildings, and it was held that the duty to provide fire-escapes was not dependent upon the performance of any duty by the inspector. We see no reason to change the conclusions reached on this point in those decisions.

Counsel further contend that the court erred in allowing evidence to be introduced to show that deceased was a careful man, on the ground that there were no eye-witnesses living who saw him at the time of his death. The sole objection urged by counsel on the trial was that the question called for a conclusion. It seems to be insisted in

this court that there were living witnesses to the accident, and that therefore evidence as to the habits of the deceased was inadmissible. This last objection was not made below. While it is true that there were witnesses to the fire, there were no witnesses as to what Greene was doing or where he was at the time of his death. While the question objected to was not in proper form, we see no error in the admission of the evidence on this question under the rules laid down by this court. *Newell* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 261 Ill. 505; *Humason* v. *Michigan Central Railroad Co.* 259 id. 462.

Counsel argue that instruction 1 given for defendants in error was erroneous because it ignored a chance to escape by means of the freight elevator and the stairway. We do not think this instruction is subject to this criticism. It states that if the evidence shows that the defendant "did not, at and before the time of the fire in question, furnish any other means of escape in case of fire on the sixth floor of said building except said means of escape that was so obstructed," etc. The evidence tended clearly to show that means of escape by the freight elevator and stairway was obstructed.

Counsel for plaintiff in error further object that the giving of instruction 2 by the trial court at the request of defendants in error was erroneous. That instruction is substantially in the language of section 14 of the Factory act. It is a well known rule that an instruction in the language of the statute is not erroneous. We do not think the instruction is subject to the construction contended for by counsel.

Counsel further object that instruction 8 given for defendants in error was erroneous, in that in employing the words used in said statute, "sufficient and reasonable," it did not give a fixed definition as to the word "sufficient." In view of the instructions in this case we do not think

this instruction would mislead the jury on this point. Neither do we think the trial court erred in refusing the instructions asked by plaintiff in error that touched upon this same question.

Counsel for plaintiff in error further argue that the evidence did not support the judgment and that there was a variance between the allegations and the proof in the additional counts. We have given both of these matters consideration, and think the evidence was ample to justify the verdict and supported the allegations of said additional counts.

We find no reversible error in this record. The judgment of the superior court of Cook county will therefore be affirmed.

*Judgment affirmed.*