(No. 13754.—Judgment affirmed.)

THE PEOPLE ex rel. M. P. Murray, County Collector, Appellee, vs. THE CITY OF ST. LOUIS, Appellant.

*Opinion filed February 15, 1921—Rehearing denied April 8, 1921.*

1. REMOVAL OF CAUSES—*when Federal court does not have jurisdiction.* A Federal court does not have jurisdiction on the ground of diversity of citizenship of the parties where the controversy is between a State and a citizen of another State, as a State is not a citizen.

2. SAME—*whether cause is removable is determined by allegations of the petition.* Whether a cause is removable to the Federal court under the Federal statute is to be determined by the petition for removal, and if it is not removable under the petition it cannot be made removable by subsequent pleadings.

3. SAME—*the State is the real party in an application for judgment for taxes.* The State is the real party plaintiff in an application by a county collector for judgment and order of sale for delinquent taxes, and such a proceeding against a citizen of another State is not removable to the Federal court upon the ground of diversity of citizenship.

4. TAXES—*when tax is assessed by due process of law.* If a State having the authority to assess property for taxation provides a mode of confirming or contesting the tax in the ordinary courts of justice, with notice to the property owner, there is due process of law.

5. SAME—*when tax does not violate the fourteenth amendment to Federal constitution.* A tax imposed by a State is not in violation of the fourteenth amendment to the Federal constitution even though there is a different classification or method in the levying of the taxes, so long as no person or class is denied the same protection of the laws afforded other persons in the same class or in like situation.

6. Other questions are controlled by the decision in *People* v. *City of St. Louis,* 291 Ill. 600.

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

CHARLES H. DAUES, and KRAMER, KRAMER & CAMPBELL, for appellant.

HUBERT E. SCHAUMLEFFEL, State's Attorney, (H. L. BROWNING, and A. B. DAVIS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The material facts in this case are substantially the same as those in *People* v. *City of St. Louis,* 291 Ill. 600, and have to do here, as there, with the application of the county collector of St. Clair county, Illinois, in the name of the People of the State, for a judgment of sale for taxes levied by the authorities of that county against that portion of the Municipal Free Bridge of the city of St. Louis situated in St. Clair county. The facts as to the location of this bridge and the levying of the taxes on the portion of such bridge are set out at length in the former opinion and need not be re-stated in detail here. The only difference in the two cases is that this concerns the taxes levied for 1919 while that had reference to the taxes for 1918.

Other questions are raised here than were raised in the former case. The one to be met at the threshold is the objection here raised that the county court improperly denied appellant's petition for a removal of this cause to the district court of the United States for the eastern district of Illinois, alleging diverse citizenship of the parties to the proceeding. Appellee's demurrer to this petition was sustained. Appellant contends here, as it did in its petition for removal, that the controversy is between citizens of different States with a sufficient jurisdictional amount involved, and that therefore it should have been removed, on the application of appellant, to the Federal district court. (1 U. S. Comp. Stat. chap. 3, sec. 1010.) Undoubtedly, under this section of the statute conferring jurisdiction upon the Federal courts, the party desiring removal is entitled to it on a proper showing, in order to prevent unseemly conflict between the courts. If there appeared to be any question as to the jurisdiction of the Federal courts, in our judgment it would be the proper and better practice for the State courts to withhold the exercise of jurisdiction un-

til the question had been passed upon by the Federal courts. The conflict of jurisdiction in such cases should be avoided, if possible. In such questions there should not be a divided jurisdiction. "It must rest with one court alone, and that, in our opinion, is more properly the circuit court." (*Burlington, Cedar Rapids and Northern Railway Co.* v. *Dunn,* 122 U. S. 513.) Under this statute, however, in a matter of this kind, in a controversy between a State and a citizen of another State, the Federal court does not acquire jurisdiction to compel removal from the State court to the Federal court on the ground of diversity of citizenship, for, as that statute has been construed by the highest courts of the country, a State is not a citizen. (*Title Guaranty Co.* v. *Allen,* 240 U. S. 136; *Postal Telegraph Co.* v. *Alabama,* 155 id. 482, and cases cited; *Chicago, Rock Island and Pacific Railway Co.* v. *Nebraska,* 251 Fed. 279.) In discussing a similar question as to the jurisdiction of the Federal Supreme Court when a State was a party to the litigation, it was said in *Virginia Coupon Cases,* 114 U. S. 269, on page 296: "A case which belongs to the jurisdiction of the Supreme Court on account of the interest that a State has in the controversy must be a case in which a State is either nominally or substantially the party. It is not sufficient that a State may be consequentially affected."

Counsel for appellant argue that the State of Illinois is not really a party in this proceeding; that the real party is the county treasurer of St. Clair county. Section 191 of the Illinois Revenue law (Hurd's Stat. 1919, p. 2501,) provides that a judgment obtained in such a proceeding as this shall be entered against the land of the owner in favor of the People of the State of Illinois; and section 203 of the same act, as to forfeiture for the non-payment of taxes, provides that such forfeiture shall be to the State of Illinois. Under these statutes, as under the reasoning of the court in *City of Nashville* v. *Weiser,* 54 Ill. 245, and *Madison County* v. *Smith,* 95 id. 328, the conclusion seems nec-

essarily to follow that the State of Illinois is both the nominal and the real and substantial party to this proceeding.

In *Postal Telegraph Co.* v. *Alabama, supra,* a suit was brought in Alabama to recover taxes and penalties imposed by its own revenue laws, and it was held that the jurisdiction over the case belonged to its own tribunals, except so far as Congress, in order to secure the supremacy of the national constitution and laws, has provided for a removal into the courts of the United States. As already stated, the cause under this statute was held not removable to the United States court. *Chicago, Rock Island and Pacific Railway Co.* v. *Nebraska, supra,* concerned a suit for certain taxes imposed under the laws of Nebraska, and it was there held, after citing authorities, that the cause was not removable to the Federal courts because of diversity of citizenship. Under these authorities the conclusion seems to follow in this proceeding that the cause is not removable to the Federal court because of diversity of citizenship, under the statute in question.

The only reason set forth in the petition for removal was based upon the ground of diversity of citizenship. Whether a cause is removable is determined by the allegations of the petition, and if under the petition it is not removable it cannot be made removable by subsequent pleadings. (*Great Northern Railway Co.* v. *Alexander,* 246 U. S. 276.) This case is not removable, therefore, because it may become necessary during the hearing to construe the constitution and laws of the United States, (*Gold Washing Co.* v. *Keyes,* 96 U. S. 199,) as the petition for removal was solely on the ground of diverse citizenship and did not justify the removal to the United States court on this ground. If the petition for removal be taken in connection with the original objections to the application of the county collector, still there is not sufficient cause for the transfer, for it is only some act of Congress that authorizes the transfer. (*Great Northern Railway Co.* v.

*Alexander, supra.*)   In the decision in *People* v. *City of St. Louis, supra,* we held that even though Congress authorized the construction of this bridge, it did not thereby become a public highway under the Federal government, taking away the State's authority to tax the bridge.   It can not be held that the assessment of the taxes, as approved by the judgment of the county court, deprived the owner of property without due process of law.   If the State having the authority to assess the property provides a mode of confirming or contesting the charge thus imposed in the ordinary courts of justice, with notice to the person assessed, such assessment is not without due process.   *Davidson* v. *New Orleans,* 96 U. S. 97; *Owners of Lands* v. *People,* 113 Ill. 296; *People* v. *Omen,* 290 id. 59, and cases cited.

Even where there is a different classification or method in the levying of taxes, so long as no person or class is denied the same protection of the laws afforded other persons in the same class or in like circumstances such classification is not held to be in violation of the fourteenth amendment as to due process of law or the equal protection of the laws.   *Greene* v. *Fish Furniture Co.* 272 Ill. 148; *Price* v. *City of Elgin,* 257 id. 63; *Giozza* v. *Tiernan,* 148 U. S. 657; *Detroit* v. *Parker,* 181 id. 399.

All other questions in this case as to the legality or justice of the tax were considered and decided by this court in *People* v. *City of St. Louis, supra.*

We have examined the authorities cited in the briefs here and do not deem it necessary to discuss or re-state at length the reasoning or conclusion of the court in that opinion.   Nothing is said in the briefs and arguments of counsel for appellant that we deem to be an answer to the conclusions reached in that opinion.   On the questions there raised we re-affirm the conclusions reached by this court without re-stating our views thereon.

We find no reversible error in the record.   The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*