(No. 25535.—

The City of Chicago *vs.* William H. McCausland *et al.* —(Zedon A. Parkhurst *et al.* Appellants, *vs.* John Toman, County Treasurer, Appellee.)

*Opinion filed April 17, 1940—Rehearing denied June 12, 1940.*

Enoch J. Price, and Owen N. Price, for appellants.

Thomas J. Courtney, State's Attorney, (Neal J. McAuliffe, Jacob Shamberg, William J. Tuohy, and Marshall V. Kearney, of counsel,) for appellee.

Mr. Justice Farthing delivered the opinion of the court:

On February 17, 1926, the city of Chicago filed its petition under the Local Improvement act to ascertain the just compensation to be paid for real estate sought to be condemned. Some of the lots needed belonged to Henry G. Wells. Commissioners were appointed and they filed their report May 26, 1926. A jury was waived and on January 30, 1928, the court entered an order fixing the amount of just compensation to be paid Wells for land taken at $15,915.

The final judgment in the special assessment proceedings was rendered July 30, 1929. By an order entered January 16, 1936, the court directed the city of Chicago to pay to the county treasurer of Cook county for the use and benefit of the owners of the lots here involved, the sum of $15,292.50, being the amount of the awards thereon less assessments back against parts of the lots not taken which totalled $622.50. Payment was made to the county treasurer on January 27, 1936. Henry G. Wells died December 3, 1932, and the appellants are his executors. They demanded payment of the money deposited with the county treasurer but the latter insisted on deducting the taxes levied against the lots in question for the years 1927, 1928 and 1929. Appellants filed a petition in the superior court of Cook county, where the special assessment proceedings had been instituted, asking that the county treasurer be directed to pay over to them the entire sum. The county treasurer answered, and claimed the right to make the deductions for the taxes mentioned above. The court sustained the county treasurer's asserted right to deduct the taxes and directed him to pay only the balance of the money in his hands to the petitioners. In their petition appellants alleged that the value of the land taken was fixed as of the date the commissioners filed their report, May 26, 1926, and that general taxes thereafter levied and assessed against the lots cannot be deducted from the awards without violation of section 13 of article 2 of the constitution of our State, which provides that private property shall not be taken for public use without just compensation. Appellants base their direct appeal to this court on the claim that a construction of the constitution is involved.

The facts in *City of Chicago* v. *McDonough,* 351 Ill. 200, were similar, and we transferred that case to the Appellate Court because we lacked jurisdiction. No franchise, freehold or question concerning the revenue, the validity of a statute or construction of the constitution was involved

and the State was not a party. The fact that the appellants' petition had been filed in the same court that heard the condemnation case, did not make the judgment one which could be reviewed by a direct appeal to this court under the provisions of the Eminent Domain act. In the instant case no appeal was taken from the final judgment rendered July 30, 1929. Although the petition in question was filed later in the same court that heard the special assessment proceedings, the judgment on the petition is not governed by the provision for a direct appeal to this court contained in the Local Improvement act. Ill. Rev. Stat. 1939, chap. 24, par. 804.

Only conflicting claims to the money in the hands of the county treasurer are presented by this record. The question as to what was just compensation for the land taken was settled by the judgment in the condemnation proceedings We have no jurisdiction of this appeal and the cause is, therefore, transferred to the Appellate Court for the First District.