City of Chicago, Petitioner, v. William H. McCausland et al., Respondents.

Zeldon A. Parkhurst et al., Executors of Estate of Henry G. Wells, Deceased, Appellants, v. John Toman, Appellee.

### Gen. No. 41,387.

Opinion filed February 26, 1941.

ENOCH J. PRICE and OWEN N. PRICE, both of Chicago, for appellants.

THOMAS J. COURTNEY, State's Attorney, for appellee; NEAL J. McAULIFFE, JACOB SHAMBERG, WILLIAM

J. Tuohy and Marshall V. Kearney, Assistant State's Attorneys, of counsel.

Mr. Justice Burke delivered the opinion of the court.

On February 17, 1926, the City of Chicago filed its original petition in the superior court of Cook county (under the provisions of the Local Improvements Act) for the purpose of ascertaining just compensation for taking certain land for the opening and widening of Anthony avenue. The report of the commissioners appointed to determine the just compensation to be paid to the owners, was filed on May 26, 1926, and judgment of condemnation was rendered on July 30, 1929. On January 27, 1936, the City of Chicago paid the amount of the judgments to the county treasurer for the use and benefit of the owners of the condemned land. The entire amount of the several condemnation judgment awards has been completely paid out, with the exception of $1,525. On August 22, 1939, Zeldon A. Parkhurst, John Russell Wells and Alice Wells, executors of the estate of Henry G. Wells, deceased, filed a petition in the same case representing that they were the duly appointed and qualified executors of the estate of Henry G. Wells, deceased, who departed this life on December 3, 1932; that on February 17, 1926, said Henry G. Wells was the owner of certain real estate which was condemned in said proceeding, for the opening and widening of Anthony avenue; that they were entitled to payment of the amount in the hands of the county treasurer allocated to their property without any deduction for taxes for the years 1927, 1928 and 1929; that the county treasurer claimed the right to deduct from the amount so payable to them the general taxes for the years 1927, 1928 and 1929; and they prayed that the court order the county treasurer to pay such sum to them without withholding any sums to apply on the general taxes for the years mentioned.

The county treasurer answered and asserted that the general taxes levied and assessed against the real estate described in the petition for the years 1927, 1928 and 1929 should be charged against and deducted from the awards claimed by petitioners. The court found against the petitioners and in favor of the county treasurer, and directed that the county treasurer pay to the petitioners the balance on hand to their credit in the sum of $1,525, after deducting therefrom the amount required to pay the general taxes for the years 1927, 1928 and 1929, plus interest, penalties and costs. Petitioners prosecuted an appeal to the Supreme Court which, in an opinion reported in 374 Ill. 34, transferred the same to this court. The question before us is whether or not the general taxes levied and assessed, or becoming a lien on the real estate during the period elapsing between the time of the filing of the report of the commissioners and the entry of the judgment of condemnation, shall be deducted and paid by the county treasurer out of the balance of the awards remaining in his possession.

This proposition was before us in *City of Chicago v. McDonough,* 273 Ill. App. 392, and *People ex rel. Carofiglio v. Gill,* 291 Ill. App. 143. The *McDonough* case, decided by the first division, held that the general taxes which became a lien after the petition for condemnation was filed, could not be deducted from the compensation award, while the *Carofiglio* case, decided by the second division, held that the general taxes which became a lien after the filing of the condemnation petition but before the entry of the judgment, should be deducted from the award and applied in payment of such taxes The City of Chicago made no effort to have the *McDonough* case reviewed by the Supreme Court. In the *Carofiglio* case, however, a petition for leave to appeal was denied. The opinion in the *Carofiglio* case leans heavily on the case of *People v. Price,* 282 Ill. 519. In the instant case counsel maintains that the *Price* case is not authority for

the ruling in the *Carofiglio* case. We have carefully read the *Price* case and are of the opinion that the views therein expressed are the law of this state on the proposition involved. Petitioners were seized of the legal title to the property until the date of the judgment. They were not deprived of their property until the final judgment was entered; and the city did not take actual possession until the damages awarded were deposited with the county treasurer.

The value of the property is determined as of the date of the filing of the report of the commissioners; but the owner is not deprived of title, possession, enjoyment or the rents, issues or profits of the land until judgment. Hence we do not perceive any valid reason why the taxes which became a lien during the period elapsing between the filing of the report of the commissioners and the entry of the judgment should not be deducted and paid by the county treasurer out of the balance of the awards remaining in his possession. Having carefully considered all of the authorities cited to us, we are of the opinion that the views expressed in *People ex rel. Carofiglio v. Gill,* 291 Ill. App. 143, are sound and state the law.

Therefore, the order of the superior court of Cook county is affirmed.

*Order affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.