(No. 36770.—

THE CITY OF CHICAGO *vs.* PHILIP MARDAT *et al.*—(BESS S. BROWN, Appellant, *vs.* FRANCIS S. LORENZ, Treasurer of Cook County, Appellee.)

*Opinion filed May 25, 1962.*

GEORGE J. ANOS, JOSEPH ASH and CONSTANTINE D. KASSON, all of Chicago, (JOHN STAMBULIS, of counsel,) for appellant.

DANIEL P. WARD, State's Attorney, of Chicago, (THOMAS A. HETT, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Mrs. Bess S. Brown owned a parcel of land that was acquired by the city of Chicago in this eminent domain proceeding. The amount awarded for the property, $9,500, was deposited with the county treasurer in accordance with the statute. (Ill. Rev. Stat. 1959, chap. 47, par. 14.) Delinquent real-property taxes for the years 1930 through 1960 amounted to more than $10,000, and the county treasurer claimed the entire amount deposited. Mrs. Brown's petition claiming a homestead exemption of $2,500 under the Homestead Act (Ill. Rev. Stat. 1959, chap. 52, pars 1-2) was dismissed, and she has appealed directly to this court.

Although the parties have not raised the question, we

must first determine whether this court has jurisdiction upon direct appeal. Petitioner bases our jurisdiction upon two grounds: first, that a freehold is involved, and, second, that the case relates to the revenue. (Ill. Rev. Stat. 1959, chap. 110, par. 75.) The first ground is untenable because the existence of a homestead estate in the petitioner prior to the filing of the eminent domain petition was not challenged in the trial court, and is not challenged here. The only question is whether the admitted freehold estate (see *Ketcham* v. *Ketcham,* 269 Ill. 584; *Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188) is subject to the county treasurer's claim for taxes, and under these circumstances a freehold is not involved. *Jones* v. *Hodges,* 1 Ill.2d 415, 418.

Whether or not the case relates to the revenue, in the jurisdictional sense, is not so clear. The doubt stems from subsequent interpretations of what was held in *Reed* v. *Village of Chatsworth,* 201 Ill. 480. In that case both the village and the township highway commissioners claimed certain money that had been collected on account of road and bridge taxes and was in the hands of the county treasurer. The court said (p. 482): "Our view is that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded. Here the tax is already collected and in the hands of the county treasurer, and no question arises between those who levied the tax and those who paid it."

Subsequently, in *City of Chicago* v. *McDonough,* 351 Ill. 200, which was a case like the one now before us, the court relied upon the *Reed* case, and held, over the dissents of Justices Dunn and DeYoung, that the revenue was not involved. The opinion stated, p. 203: "The issue presented here relates only to whether the appellant [the property

owner] shall have possession of the entire sum remaining in the hands of the county treasurer or whether certain taxes and costs shall be paid and deducted therefrom. The revenue would not even be incidentally or remotely affected by the result except in point of time such taxes are paid." A similar position was taken in *City of Chicago* v. *McCausland,* 374 Ill. 34, where the court said, p. 36: : "Only conflicting claims to the money in the hands of the county treasurer are presented by this record."

In our opinion the *McDonough* and *McCausland* cases rest upon a misinterpretation of the decision in the *Reed* case. In all three cases the controversy involved funds that were already in the hands of the county treasurer, and that fact seems to have been allowed to obscure the significance of the capacity in which he received the funds and the nature of the controversy concerning them. In the *Reed* case the money in the hands of the treasurer was money that had already been collected as taxes and the controversy was between two taxing bodies, each of which claimed the money. There was no issue between a taxpayer and an official charged with the duty of collecting taxes. But in the present case, as in the *McDonough* and *McCausland* cases, the funds in the hands of the treasurer are not funds that have been collected as taxes. They represent property that has been acquired by eminent domain, and the treasurer holds them only as statutory custodian. The controversy is directly between the taxpayer and the official charged with the duty of collecting taxes, and the issue is whether those funds belong to the taxpayer or to the taxing bodies.

Such cases, in our opinion, are cases relating to the revenue, as we held in *Chicago Park Dist.* v. *Downey Coal Co.* 1 Ill.2d 54, and *City of Chicago* v. *R.R. Building Corp.* 24 Ill.2d 20, where we took jurisdiction of direct appeals in cases like the one now before us. The amount of tax money collected by the county treasurer will be increased

or decreased in accordance with the outcome of this case. Because the *McDonough* and *McCausland* cases appear to have been based upon a misapprehension of the holding in the *Reed* case, those decisions are overruled.

As to the merits, section 3 of the Homestead Act provides that "no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments * * *." (Ill. Rev. Stat. 1959, chap. 52, par. 3). Petitioner reads this provision as establishing a single and exclusive remedy by which a homestead exemption may be subjected to the lien of taxes or assessments. And because that remedy was not pursued in this case, she argues that the homestead claim has priority over the claim based upon delinquent taxes. We think that even if the petitioner's interpretation of the statute was correct, it would not follow that her claim should prevail in this case. Title to the property is now in the condemnor, and it can not be sold to satisfy the delinquent taxes. But under section 14 of the Eminent Domain Act (Ill. Rev. Stat. 1959, chap. 47, par. 14) the award in the hands of the county treasurer has taken the place of the land, and the liens against the land are enforceable against the award. (See, *City of Chicago* v. *Salinger*, 384 Ill. 515, 520.) The present proceeding therefore is properly to be regarded as the kind of proceeding to enforce the lien for delinquent taxes that is contemplated by the Homestead Act.

But we do not agree with the petitioner's interpretation of the Homestead Act. We think that its purpose was to express the determination of the legislature that an estate of homestead is subject to taxation and that a claim for taxes should have priority over a claim of homestead exemption. (*Cf. Shell* v. *Duncan*, 31 So. C. 547, 10 S.E. 330, 5 L.R.A. 821.) The petitioner suggests no reason why the General Assembly should have made the relative priority of these claims depend upon the precise procedure by which they are asserted. We therefore hold that the petitioner's

claim of a homestead exemption is subject to the tax claim asserted by the county treasurer, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*