(No. 37355.—

The People of the State of Illinois, *vs.* Maurice H. Kamm *et al.*—(The City of Lake Forest *et al.,* Appellees, *vs.* The People of the State of Illinois *et al.,* Appellants.)

*Opinion filed May 27, 1963.*

Bruno W. Stanczak, State's Attorney, of Waukegan, (Henry D. Fisher and Lawrence J. Petroshius, of counsel,) for appellants.

Gardner, Carton, Douglas & Chilgren, of Chicago, (James A. Velde and Ware Adams, of counsel,) for appellees.

Mr. Justice Underwood delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Lake County, entered in a tax foreclosure proceeding where real estate, against which there was a lien for $266,-317.65 in back taxes and $277,853.64 in accrued penalties, interest and costs, had been sold for $175,000. The county collector thereafter retained for the county from the sale proceeds the statutory State's attorney's fee of 10% plus his collector's fee of 3%, regarding which no dispute exists. The controversy is confined to the collector's retention for the county of an additional $77,471.57 in penalties and interest, plus costs of $10.29. The appellees are the municipal corporations who successfully contended in the trial court that the proceeds of sale should be applied to the payment of the principal of their unpaid taxes before any portion of the sale proceeds was applied to the payment of penalties, interest and costs. Appellants, including the county of Lake and the county collector, maintain that the collector's action in dividing the sale proceeds, after payment of the undisputed fees, between principal, represented by the unpaid taxes, and penalties, interest and costs, on a proportionate

basis, was correct, and that the county was entitled to the amount allocated to penalties, interest and costs under the decision of this court in *People ex rel. Abbe* v. *Nash,* 364 Ill. 224. Appellees concede the county's right to the penalties, interest and costs, but maintain that where, as here, the sale price was less than the total of unpaid taxes, no payment may properly be made upon penalties, interest and costs.

All parties maintain we have jurisdiction on direct appeal because the revenue is involved. Appellants cite only the *Nash* case, apparently regarding the factual situation there as conclusive of the question even though the point was apparently neither argued by the parties nor discussed at any length in the opinion. Appellees recognize that other and more recent decisions indicate the existence of a serious jurisdictional question. (*Reed* v. *Village of Chatsworth,* 201 Ill. 480, as reaffirmed in *People* v. *Smith,* 413 Ill. 382, and *City of Chicago* v. *Mardat,* 25 Ill.2d 60.) Appellees cite a number of cases, in addition to *Nash,* but an examination of them reveals that they either involve a dispute between a taxing body and a taxpayer (*Heinrich* v. *Harrigan,* 288 Ill. 170), which authorizes a direct appeal under all decisions, or the jurisdictional question does not appear to have been argued or discussed beyond a statement in the opinion that the revenue is involved. *People* v. *Taylorville Sanitary Dist.* 371 Ill. 280; *People* v. *Anderson,* 380 Ill. 158.

In the early case of *Reed* v. *Village of Chatsworth,* 201 Ill. 480, this court said (p. 482): "Our view is that the question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded. Here the tax is already collected and in the hands of the county treasurer, and no question arises between those who levied the tax and those who paid it." Since that decision there have been

numerous cases reaffirming the principles therein, the latest being *City of Chicago* v. *Mardat*, 25 Ill.2d 60, where jurisdiction on direct appeal was sustained because (p. 63): "The amount of tax money collected by the county treasurer will be increased or decreased in accordance with the outcome of this case". That is not here true. The only question at bar is as to the priority in payment as between the principal taxes, and the penalties, interest and costs, which will determine the amounts receivable by the several taxing bodies. In these circumstances we believe the following language from *Reed* (p. 482) is appropriate: "Here the tax is already collected and in the hands of the county treasurer, and no question arises between those who levied the tax and those who paid it. In fact, there is no question made upon the tax or revenue at all. The controversy raised by this record is as to whether the village shall have one-half of the funds so raised and in the hands of the treasurer, or whether the township shall have the whole of it".

The revenue is not here involved in the sense required to give us jurisdiction on direct appeal, and this cause is therefore transferred to the Appellate Court, Second District.

*Cause transferred.*