ALLAN L. BLAIR AND JOCELYN BLAIR, PETITIONERS v.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5701–72.    Filed March 31, 1975.

*Milton A. Levenfeld* and *Donald A. Statland,* for the petitioners.

*Allan E. Lang,* for the respondent.

### SUPPLEMENTAL OPINION

SIMPSON, *Judge:* The petitioners timely filed a motion for reconsideration of the Court's opinion filed in this case on November 18, 1974 (63 T.C. 214). In such motion, the petitioners seek a reconsideration of our conclusion that they never acquired title to lot 22 which they claimed to have donated to the university. The petitioners' motion asserts that we erred in determining that the county collector could not be made a party to the university's condemnation suit because of the doctrine of sovereign immunity. In an attempt to prove that the State had no interest in the tax lien against lot 22, the petitioners submitted an affidavit proving that although the State still retains the statutory power to tax real property, it has not exercised that power since 1932. Thus, no State taxes were due on lot 22 in 1964. In our view, however, the petitioners' proof does not affect our prior conclusions.

The petitioners' argument is based upon the premise that since no State taxes were owed in 1964, the State had no interest in the lien for taxes, but that premise is contrary to Illinois law. The lien for real estate taxes is created solely by statute. The lien thereby created exists in favor of the State and not the various municipalities levying the taxes to be collected. Ill. Ann. Stat. ch. 120, sec. 697 (Smith-Hurd 1970). See *Forman Realty Corp. v. Brenza,* 11 Ill. 2d 531, 144 N.E. 2d 623 (1957); *O'Connell v. Sanford,* 256 Ill. 62, 99 N.E. 885 (1912). When taxes for 2 years are unpaid, the lien may be foreclosed by the county collector in the name of the people of the State of Illinois. Ill. Ann. Stat. ch. 120, sec. 697 (Smith-Hurd 1970). If the land is not purchased at

public sale, it is forfeited to the State. Ill. Ann. Stat. ch. 120, sec. 727 (Smith-Hurd 1970).

The county collectors of each county in Illinois act as the State's agents in collecting real estate taxes for the various taxing authorities. Ill. Ann. Stat. ch. 120, sec. 671 (Smith-Hurd 1970). See *People v. Nash,* 364 Ill. 224, 4 N.E. 2d 101 (1936). The fact that no State taxes were actually levied in 1964 does not alter our conclusion that under Illinois law, the State had an interest in the tax lien. In *People v. City of St. Louis,* 297 Ill. 199, 130 N.E. 366 (1921), the county collector, in the name of the People of the State of Illinois, sought a judgment of sale for taxes in county court against property within the county. The only taxes due were county real property taxes. The defendant landowner, a citizen of Missouri, sought to remove the action to Federal District Court under the then applicable procedure. The Illinois Supreme Court held that the action was not removable since the action involved the State of Illinois and a citizen of another State. It rejected the defendant's arguments that the State of Illinois was not a real party to the proceeding since only county taxes were involved and held that the State was both the nominal and the real and substantial party to the action.

The petitioners argue that since the State no longer collects real estate taxes, the lien for taxes is but an "anachronistic continuation of a former reality." However, they cite no authority for this argument; nor do they attempt to distinguish the holdings of *People v. Nash, supra,* and *People v. City of St. Louis, supra,* except to state that those cases were decided when the State had an interest in collecting real estate taxes. Yet, that fact does not distinguish such cases, for as we have pointed out, *People v. City of St. Louis* clearly involves a tax lien where *no* State taxes were due. The petitioners have not shown that the State is only the nominal holder of the tax lien. We reaffirm our prior holding that the county collector could not have been made a party to the condemnation proceedings.

Moreover, even if the petitioners were correct that the doctrine of sovereign immunity does not prohibit making the county collector a party to the condemnation proceedings, the other reasons in our prior opinion have not been challenged or impugned by the petitioners' additional evidence. Under Illinois law, a condemnation proceeding merely substitutes the award in place of the land. The lien for taxes attaches to the award and is

enforceable against it. *City of Chicago v. Salinger,* 384 Ill. 515, 52 N.E. 2d 184 (1943). Once title vested in the condemnor, the *land* could not be sold to satisfy delinquent taxes; the tax lien became enforceable only against the award. *City of Chicago v. Mardat,* 25 Ill. 2d 60, 182 N.E. 2d 716 (1962). A tax deed for the land could not have been granted. *Delano, Inc. v. Arnold,* 46 Ill. 2d 498, 263 N.E. 2d 830 (1970); cf. *Application of Cty. Tr. & Ex Off. Cty. Col. of Lake Cty.,* 13 Ill. App. 3d 927, 301 N.E. 2d 344 (1973). The petitioners acquired no rights against the land when they purchased the tax certificate.

Furthermore, as our prior opinion pointed out, it was unnecessary to give notice of the condemnation proceedings to the county collector since he acted as stakeholder for the condemnation award assuring adequate protection for the collection of back taxes. As stakeholder, he became an officer of the condemnation court and subject to its jurisdiction. *City of Chicago, Schools v. Baran,* 6 Ill. App. 3d 29, 284 N.E. 2d 320 (1972). The petitioners have not provided any reasons why he was a necessary party to the proceedings.

Accordingly, having reviewed our prior opinion in light of the petitioners' additional evidence, we find no reason to change our views and, therefore, reaffirm that opinion. The petitioners' motion for reconsideration will be denied.

*An appropriate order will be entered.*