Forest Preserve District of Du Page County, Illinois, a Body Corporate and Politic, Plaintiff-Appellant, v. Harris Trust and Savings Bank, a Corporation of Illinois, as Trustee Under Trust Agreement Dated May 15, 1963, and Known as Trust No. 31117, Beneficiaries of Said Trust Agreement No. 31117, Ruth Anderson and Stuart J. Anderson, Her Husband, the Federal Land Bank of St. Louis, John Vedock and Spouse, Charles Miller, and Unknown Owners, Defendants-Appellees.

Gen. No. 68–53.

Second District.

March 24, 1969.

Rehearing denied May 19, 1969.

Nadelhoffer, Hennessy & Dommermuth, of Naperville, and Corrigan, Mackay, Quetsch & O'Reilly, of Wheaton, for appellant.

Solomon Jesmer, of Chicago, and Morrison and Nemanich, of Waukegan, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is an eminent domain proceeding brought by the Forest Preserve District of Du Page County, to acquire a 218½-acre farm located in Lisle Township, for forest preserve purposes. The jury returned a verdict of $760,-000 as compensation for the land taken. The trial court

entered judgment on the verdict, and the plaintiff appealed.

The plaintiff contends that the trial court committed prejudicial evidentiary errors in not permitting certain of its expert witnesses to testify as to their opinions on valuation in that they were based, in part, on hearsay knowledge of other sales; in excluding evidence of sales of certain other lands deemed by the plaintiff to have been comparable sales; in excluding certain exhibits offered by the plaintiff; and in denying the plaintiff's motion to dismiss the proceeding during the presentation of its case in chief.

We shall first consider the refusal of the trial court to permit two of the plaintiff's expert witnesses to render their opinions as to the fair cash market value of the property in question. In its memorandum opinion, the trial court recited that its ruling was predicated upon the fact that the two expert witnesses "based" their opinions of value on sales of which they had no personal knowledge. The court stated that opinion testimony may be admissible if hearsay knowledge of other sales merely constitutes a portion of the background knowledge of the witness, (citing Department of Public Works and Buildings v. Divit, 25 Ill2d 93, 182 NE2d 749 (1962)), but that such testimony must be refused if it is based upon or dependent upon hearsay knowledge of sales (citing Trustees of Schools of Tp. No. 44 v. Kirane, 5 Ill2d 64, 124 NE2d 886 (1955) ; City of Elmhurst v. Rohmeyer, 297 Ill 430, 130 NE 761 (1921) ; Chicago & W. I. R. Co. v. Heidenreich, 254 Ill 231, 98 NE 567 (1912)).

The plaintiff's first valuation witness, Jay T. Fitts, testified that he had been a licensed real estate broker in the State and an appraiser for ten years. He recited the various appraisal and real estate institute boards to which he belonged; stated the requirements for membership thereon and the offices which he had held; and listed the special courses he had taken with reference

68

to appraisal techniques. He testified that in addition to acting as a broker, he had been engaged in buying and selling real estate in Du Page County for the past four years and had appraised property in Du Page County and in Lisle Township; named the numerous clients for whom he had done appraisal work, and stated that he previously had testified as an expert witness in eminent domain proceedings in Du Page County.

Fitts then testified as to his work in connection with his appraisal of the subject property. He stated that he first viewed and examined the premises and then inspected the entire neighborhood, with which he was familiar; and that he considered many factors: including the improvements on the property, its appearance, the topography, trees, road frontage, zoning, size, distance, availability or lack of improvements, contiguous land and its use, real estate activity generated in the entire surrounding areas, and the nearby corporate limits. He also described the character and use of the surrounding area in detail and testified that, in his opinion, the highest and best use of the property on September 8, 1967, was its present use, with potential for residential use.

He further testified that he had an opinion as to the fair cash market value of the property on the date in question, and that in arriving at that opinion, the factors he considered "in addition to the items which I have mentioned previously" were "the highest and best use of the property, the physical attributes of the premises, its location, the neighborhood . . . the fact that there were sales of other property in the area and I also used my general knowledge and experience to estimate the value."

Counsel for the plaintiff then asked the witness to describe in detail approximately eight other properties. These were properties which the witness, in the course of this examination, indicated he had considered in arriving at his opinion of value, and were all involved in recent sales. The witness testified at length as to the charac-

69

teristics of each of these properties, but did not state, at the insistence of defense counsel, the dates or amounts involved in their sales.

Counsel for the plaintiff then asked the witness if he had an opinion of the fair cash market value of the subject property for the highest and best use on September 8, 1967, the day the petition was filed. Counsel for the defendants then objected to the statement of any opinion of value by the witness, on the ground that the witness had not demonstrated any qualification to render an opinion of value; that he had not participated personally in any of the sales which he considered in arriving at his opinion; and that to permit Fitts to give his opinion of value would be tantamount to the admission of these other sales into evidence, "because the obvious inference is that all of these sales are at the same price that he is testifying for the subject property, that all of these sales are comparable." The court sustained the objection and refused to permit Fitts to give his opinion as to value.

██ The sequence of the testimony of Fitts was properly subject to criticism. He first testified with reference to his qualifications, then described the other surrounding properties which he had considered in arriving at his value opinion of the subject property. His opinion of the value of the subject property should logically have followed his testimony concerning his qualifications. Such sequence would have obviated part of the objections raised by the defendants. Under the court's ruling, Fitts was never permitted, through cross-examination, or otherwise, to pinpoint the basis for his evaluation testimony.

██ Also, counsel for the defendants, in effect, encouraged the plaintiff to have the witness Fitts testify concerning the description of the other properties by stating, "As long as the witness is going to just confine his statements to the description of the property and so forth . . . I would have no objection." However, after

the eight properties had been completely described by the witness, then the fact that such testimony had been received in evidence was used as a further basis for the defendants' objection to the witness giving an opinion as to the value of the subject property. Under these circumstances, the defendants cannot properly complain of an error which they induced. Compare: City of Waukegan v. Stanczak, 6 Ill2d 594, 608, 129 NE2d 751 (1955); Weaver v. Bolton, 61 Ill App2d 98, 110, 209 NE2d 5 (1965).

The plaintiff's next valuation witness, Thomas M. Collins, likewise testified as to his background as a broker and appraiser; his membership in various real estate societies and his special training; his background in buying and selling real estate—including real estate in Du Page County; and his background in making appraisals—including those in Du Page County, Lisle Township.

He testified as to his examination of the subject property and his familiarity with the neighborhood. He described the subject property and the surrounding area; stated that he examined and considered its topography, utilities and zoning; and that he examined its assessed valuation. He gave his opinion of the highest and best use of the property as of the date in question, to be for ultimate development for residential use, and in the interim, for farm purposes.

He then stated that he had an opinion as to the fair cash market value of the property, and that in arriving at such opinion, he had considered all of the factors previously mentioned, in addition to the physical characteristics of the property itself, its ultimate use, and also "one of the finest measures of estimating any value is to consult the market, find out if properties have sold, for what purpose, and how they relate to the subject property." The court then sustained an objection to the witness giving his opinion of value.

■ We believe that the court erred in excluding the valuation opinions of these witnesses. It seems apparent to us from the extensive recitation of their background and qualifications and of the numerous factors stated by them to have been examined and considered in arriving at their opinions, that these witnesses were rendering an opinion based upon their background and qualifications, upon the physical characteristics of the subject property and surrounding areas, upon the use being made of surrounding properties, upon other factors affecting value, such as availability of utilities and zoning and upon the market in the area for the highest and best use determined by them. We cannot agree that these witnesses sought to give an opinion as to value based solely upon sales of which they had only hearsay knowledge. This conclusion is particularly inescapable in the case of Mr. Collins, who did not testify with particularity as to sales of other properties considered by him.

■ Further, the fact that the witnesses were aware of sales in the area in which they did not participate, and that they based their opinions, in part, on this knowledge, does not render their opinions inadmissible. The trial court stated that it is proper for a witness to render an opinion of value if a witness has hearsay knowledge of other sales as a part of his background knowledge, but that it is improper to render an opinion if a witness has hearsay knowledge upon which he bases his opinion. Under this statement of the law, we conclude that the most that can be said with reference to the testimony of Collins and Fitts is that they may have included in their basis for an evaluation opinion, hearsay knowledge of other sales. The evidence certainly does not indicate that hearsay knowledge was the basis of such opinions.

An expert valuation witness bases his opinion, in part, upon his knowledge of the market situation in the area in question. To say that his opinion, in part, is not based on this knowledge or information because it merely is a

part of his general background and experience, is an exercise of pettifoggery. Even though a witness may have all of the other knowledge essential to his expertise—in that he is well trained and experienced in the factors which are important in arriving at a fair cash market value—he must base his opinion, in part, upon knowledge of the market conditions of the particular area in question. Without the latter knowledge, all of the other knowledge requisite to his expertise would still leave the witness deficient in his worth to a party, to the court, and to the jury.

Our courts have recognized that the knowledge of market conditions in the area does not limit expert valuation witnesses to those engaged in real estate activity in the area in question. Thus, in Department of Public Works and Buildings v. Divit, supra, 97, 99, 100, the court found that the evaluation testimony of a Wisconsin real estate appraiser was competent as to the value of property in Kankakee, Illinois, where the witness and his assistants had thoroughly examined the premises and other local factors, including records of sales in the immediate area. In Department of Public Works and Buildings v. Hufeld, 68 Ill App2d 120, 129, 215 NE2d 312 (1966), the court, while paying homage to use of hearsay as a part of the general knowledge and experience only, recognized that valuation opinions based, in part, on hearsay knowledge of other sales are still proper. Also see: Vol 5, Nichols on Eminent Domain, 3rd ed, §§ 18.4, 18.41 and 18.42.

We do not suggest that a valuation witness can merely be given or obtain a list of other sales—and without independent investigation of the character of the premises, its advantages and disadvantages, as a basis for the exercise of his expertise—render an opinion of value. Trustees of Schools of Tp. No. 44 v. Kirane, supra, 69; Chicago & W. I. R. Co. v. Heidenreich, supra, 239. Nor, do we suggest that a valuation witness may testify without

personal knowledge of the premises in question. See: City of Elmhurst v. Rohmeyer, supra, 438, 439. We do suggest that an otherwise competent valuation witness is not rendered incompetent merely because he bases his opinion, in part, on hearsay knowledge of other sales.

■ ■ Because it is our opinion that we must remand the case for a new trial, we will refer briefly to the other evidentiary points and the remaining point raised by the plaintiff. The plaintiff offered independent evidence of comparable sales, the same sales as those referred to by the witness, Fitts. In offering such evidence as substantive evidence of the value of the subject property, the trial court was faced with the responsibility of first determining whether the other properties were sufficiently similar to the subject property to permit the jury to consider these sales as independent evidence of the value of the land in question. A witness having sufficient qualifications to permit him to render an opinion as to value may consider sales, in arriving at his opinion, which would not be proper for a jury's consideration, the members of the jury presumably possessing less sophistication in this area. See: 12 ALR3d 1064, 1070.

■ ■ The trial court excluded all of these sales, on varying grounds, some of which we will not refer to here because of the wide discretion permitted the trial court in ruling on such sales and because the determinations to be made by the trial court upon remand again are to be permitted wide discretion, with an awareness, however, that other properties may provide a meaningful basis for comparison even though each contains various points of difference. City of Evanston v. Piotrowicz, 20 Ill2d 512, 522, 170 NE2d 569 (1960); Illinois Bldg. Authority v. Dembinsky, 101 Ill App2d 59, 63, 242 NE2d 67 (1968).

One point, however, should be mentioned in that it was common to most of the so-called comparable sales; was indicated by the trial court to have been essentially its main objection to all of the sales; and was conceded

by the defendants' counsel in oral argument to have been the real basis for the court's ruling, absent which the court might have allowed most of the sales in evidence: Most of the allegedly comparable sales involved properties to which there was no immediate, adjoining access to sewer and water services.

The subject property was adjacent to a river; was sufficiently large and drained in the appropriate direction to support its own water and sewer facilities. The trial court indicated that the most significant single factor in the area contributing to the value of land was the availability of storm and sanitary sewer, and the cost of providing these services to the property; and it stated it would not admit evidence of these sales without some evidence of the cost of providing these services to the properties.

■ ■ We believe the trial court was correct in this respect. The party seeking to introduce evidence of comparable sales has the preliminary burden of establishing sufficient similarity. City of Evanston v. Piotrowicz, supra. While it is not normally the burden of such party to offer the evidence of dissimilarities, but the privilege of the other party, the trial court was within the proper exercise of its discretion in not permitting evidence of the sales in the first place without the accompanying evidence of the cost of compensating for this substantial dissimilarity which existed between certain of the allegedly comparable properties and the subject property. This would not require the plaintiff—as was conceded by the defendants' counsel in oral argument—to obtain detailed engineering and cost analysis. Rough estimates of these costs could be made with sufficient definiteness for this purpose. The plaintiff should hardly complain of the requirement imposed by the trial court in this case as due to the particular attribute of the subject property; the alternative of showing the differing costs of sewer and water facilities is the exclusion of the other sales as not being sufficiently sim-

75

ilar to offer independent evidence of the value of the subject property.

■■ The plaintiff complains, generally, that the exclusion of all but three of its twenty-five exhibits was error. The plaintiff did not lay a proper foundation as to the aerial photograph and plastic overlays. With a proper foundation, these may be admissible on retrial. The admission of a number of the exhibits, relating solely to allegedly comparable sales, will depend on the admissibility of such sales. The contour and floodplain map were properly excluded: possible inaccuracies were noted on their face and no witness could vouch for them.

The plaintiff also contends that the trial court erred in not dismissing the case, pursuant to the provisions of Ill Rev Stats 1967, c 47, par 10(a), upon the plaintiff's motion to dismiss during the presentation of its case in chief. Our determination renders this point moot. The defendants' objection to the plaintiff's motion was that it was not made in good faith but made only because the plaintiff's evidence was not being admitted as anticipated, and that the plaintiff sought a dismissal only to grant itself a new trial to start anew. As it is the determination of this court that the plaintiff is entitled to a new trial because of the evidentiary rulings referred to herein, the plaintiff's attempt to dismiss the case during the course of the trial, presumably to award itself a new trial, is no longer of significance.

In view of our determination, we will grant the plaintiff's motion to amend its notice of appeal, but we do not believe the plaintiff is entitled to the additional relief therein requested. Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded.

MORAN, P. J. and SEIDENFELD, J., concur.