**Foss Park District, A Body Corporate and Politic, Petitioner-Appellee, v. The First National Bank of Waukegan, as Trustee Under Trust No. 616, et al., Respondents-Appellants.**

**Gen. No. 69–212.**

Second District.

July 6, 1970.

Rehearing denied July 30, 1970.

Mark J. Drobnick, of Waukegan, for appellant.

Thomas G. Przyborski and Frank M. Daly, of Waukegan, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an eminent domain proceeding brought by the Foss Park District, seeking condemnation of certain lands for use as part of a public golf course in which the jury awarded the respondents $75,202.

On appeal, the respondents contend that the statute authorizing the petitioner to condemn for golf course purposes, where a fee for playing is to be charged, is un-

constitutional; and that the trial court made certain erroneous evidentiary rulings.

The Park District Code grants unto park districts the power to condemn pursuant to the provisions of the Eminent Domain Act, to establish and maintain golf courses, and to establish fees for the use of the facilities of the park district. Ill Rev Stats 1969, c 105, pars 8–1(b), 8–10, 8–1(h). The respondents urge that this statutory power constitutes an unconstitutional denial of property without due process and without equal protection of the laws, in violation of section 1, Amendment XIV of the United States Constitution, and of Article II of the Constitution of the State of Illinois. They contend that—since fees are to be charged for use of the golf course, and only those who can afford such fees may use the facility—the use of tax funds to acquire land for such purpose is unconstitutional.

The respondents have cited no authority for their rather novel argument, and we have found none. Even before there was specific statutory authority for a park district to charge fees for the use of its facilities, our courts had recognized its right to do so. MacNeil v. Chicago Park Dist., 401 Ill 556, 563, 564, 82 NE2d 452 (1948).

■ ■ The constitutional questions raised by the respondents are not so substantial that we are precluded from deciding them. Pettigrew v. National Accounts System, Inc., 67 Ill App2d 344, 346, 347, 213 NE2d 778 (1966) ; Supreme Court Rule 302(a), (Ill Rev Stats 1969, c 110A, par 302(a)). We find no taint on the constitutionality of the statutory authorization to charge a fee for the use of a public facility because public funds are to be used to acquire land on which the public facility is to be located. Consequently, the respondents' traverse was properly denied.

■ ■ It is further contended by the respondents that the petitioner's expert witnesses based their opinions of

value on negative factors, e. g., the lack of transportation, shopping, sewer and water, etc. in the area. These witnesses were qualified to give an opinion of value; their background, experience, and knowledge of the area qualified them to testify. The trial court has a wide discretion in determining the qualifications of an expert witness. Trustees of Schools v. Schroeder, 23 Ill2d 74, 78, 177 NE2d 178 (1961). The testimony of the petitioner's expert witnesses demonstrated that they considered the factors normally relevant to proving market value, including negative as well as positive elements. Their testimony, considered in its totality rather than in its fragmentation, substantiates that their respective opinions were based upon proper factors. See: Forest Preserve Dist. of DuPage County v. Harris Trust & Savings Bank, 108 Ill App2d 65, 72, 247 NE2d 188 (1969).

■ The court limited the cross-examination of the petitioner's expert witnesses by preventing counsel from asking whether each witness would have valued the land in question differently had he known that all forty-one parcels were under common ownership. The court held that there was no evidentiary foundation for such hypothetical cross-examination. However, the court indicated it would permit such examination as to those parcels which the respondents would establish were under common ownership. The respondents did not attempt to establish the common ownership by evidence, and the court's ruling was proper under the circumstances.

■ Likewise, the court properly denied cross-examination of these same witnesses, as to whether in arriving at their market value determination, they had considered the probability of rezoning. The court held that the evidence of such probability was inadequate to permit its suggestion before the jury, by counsel.

■ The respondents also sought to introduce evidence as to the possibility of bringing sewer and water into the area, its cost, and resulting advantage. How-

280

ever, such evidence necessitated assuming that the other lots in the area, including those not owned by the respondents, were a part of the possible improvement project. The court was of the opinion that the possibility of such cooperative project was too speculative for consideration.

In the cases cited by the respondents, the cost of improving subdivisions was admitted into evidence where agricultural land was valued as having a highest and best use for subdivision purposes. The courts there permitted testimony as to the cost of improvements since this would be a factor in determining the present market value of the agricultural land; its value as subdivision land must, of necessity, include consideration of the cost of converting the land to such use. See: Forest Preserve Dist. v. Krol, 12 Ill2d 139, 145, 146, 145 NE2d 599 (1957).

The respondents also contend that the trial court erred in refusing to permit one of their witnesses to testify as an expert. On December 10, 1968, the court ordered each party litigant to provide the other with copies of all appraisal reports. On April 30, 1969, Simon was placed on the stand, presumably as the respondents' last of three expert witnesses. The petitioner had not received an appraisal report from this witness. The respondents' prior expert witnesses had all testified as to the highest and best use of the land, and based their opinions of value on its single-family use. This witness then stated that he was of the opinion that the highest and best use of the land was for a planned unit development. Counsel for the respondents had previously advised the court and counsel for the petitioner that the witness would testify that the highest and best use was for single-family residential use.

Out of the presence of the jury, this witness testified that he had been contacted to make his appraisal approximately three months prior to the trial, and that he

had not made any written report—his only report being oral. The oral report was made to the owner who had retained the witness, approximately two and one-half months prior to the trial. The witness purportedly had reported that his conclusion was that the highest and best use of the land was for multiple-family dwellings.

Of the respondents' three expert witnesses, this was the second whose report had not been revealed to opposing counsel. The prior witness had submitted a written report, but even this was not furnished to the petitioner or its counsel. The court concluded that the respondents had wilfully and deliberately refused to comply with the court's order to produce the appraisal reports. Under the circumstances, this conclusion appears warranted, and the court's refusal to permit the respondents' last witness to testify was not an improper sanction to be imposed against them. Supreme Court Rule 219(c)(iv), (Ill Rev Stats 1969, c 110A, par 219 (c)(iv)).

The respondents' main thrust in this appeal is alleged errors in the evidentiary rulings. The trial court must be permitted an area of discretion both as to the scope of cross-examination and as to the relevancy of evidence offered to prove a case in chief. Our purpose is not to ascertain that the record is free from all error, but to determine that a just conclusion has been reached, founded upon competent and sufficient evidence, without error that might be prejudicial to a litigant's rights. Ziegler v. Smith, 86 Ill App2d 215, 224, 229 NE2d 340 (1967).

The verdict of the jury was within the range of the testimony. The jury viewed the premises, and we cannot find that their verdict was the result of passion or prejudice or that there has been a clear and palpable

mistake. Accordingly, the judgment of the trial court should be affirmed. Trustees of Schools v. Schroeder, supra, 79.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.