Foss PARK DISTRICT, Petitioner-Appellee, *v.* THE FIRST NATIONAL BANK OF WAUKEGAN, as Trustee, Respondents-Appellants.

(No. 71-299; ▮▮▮▮▮▮

Second District—January 23, 1973.

Mark J. Drobnick, of Waukegan, for appellants.

William R. Stanczak and Frank M. Daly, both of Waukegan, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On July 23, 1968 Foss Park District filed its petition to condemn certain parcels of real estate, title to which was in The First National Bank of Waukegan as Trustee under Trust No. 616, and to acquire fee simple title thereto for park purposes and uses. On April 22, 1969 a jury, having been sworn to ascertain and report the just compensation to be made "to the owner or owners of, and party or parties interested in" the parcels sought to be taken, found the just compensation for all parcels to be paid "to the owner or owners of and party or parties interested in" the parcels to be the aggregate sum of $75,202. Thereupon, on May 2, 1969, the trial court entered judgment that the sum awarded by the jury "is just compensation for the owner or owners and party or parties interested in" the real estate described in their verdicts "for the taking of said real property". This judgment further ordered the Park District within 180 days (as amended) to pay to the County Treasurer of Lake County, for the benefit of the owner or owners of and party or parties interested in said parcels of real estate, the amount found by the jury as full compensation. The judgment order further stated that upon said payment to the County Treasurer the petitioner "may enter" upon the land and use it "for the uses and purposes set forth in said Petition and Amended Petition".

After denial of defendants' post-trial motion, defendants appealed to this court. On July 6, 1970 this court affirmed the judgment of the trial court, and on July 30, 1970 denied defendants' petition for rehearing. (*Foss Park District v. First National Bank of Waukegan*, 125 Ill.App.2d 276.) On December 2, 1970 the Illinois Supreme Court denied defendants' petition for leave to appeal. On April 19, 1971 the United States Supreme Court denied *certiorari* (402 U.S. 907) and denied rehearing (402 U.S. 1013).

In the meantime the trial court, in January 1971, granted the Park District the right to enter upon the property condemned provided it filed a surety bond in the sum of $95,000, and upon approval of such bond the Park District entered upon the property.

On May 6, 1971 the mandate of this court was issued to the clerk of the trial court. On July 29, 1971 the Park District, in compliance with the May 2, 1969 judgment, deposited $75,202 with the County Treasurer and on August 4, 1971 the trial court entered the order vesting fee simple title in the Park District to the parcels taken.

Defendants appeal from that order. Their main contention is that the judgment vesting fee simple title in the Park District is erroneous because the May 1969 judgment (affirmed by this court in the prior

appeal) was merely a judgment of possession. This argument is without merit.

The petition to condemn expressly stated that the Park District was seeking to acquire fee simple title. At the trial the valuation witnesses for the Park District and for the defendants testified as to the fair cash market value of the parcels sought to be taken on the date of the filing of the condemnation petition for the taking of the fee. The order of May 2, 1969 entered judgment for the amount awarded by the jury as just compensation for taking of the real property condemned pursuant to the Petition and Amended Petition (under which the petitioner was expressly seeking to acquire fee simple title to the real property).

That judgment of May 1969 was in accordance with the procedure outlined in Section 14 of the Eminent Domain Act (Ill. Rev. Stat. 1967, ch. 47, par. 14) which provides that payment of the compensation adjudged may be made to the County Treasurer who shall, on demand, pay it to the party entitled thereto and grants to the court in which the condemnation award is determined exclusive jurisdiction to hear and determine all conflicting claims to the compensation.

■■ On the prior appeal to this court no question was raised either as to ownership of the parcels taken nor as to the form of the judgment, which contemplated that if there should be any dispute about apportionment of the amount deposited, it would be settled by further proceedings. The compensation money is deemed a substitute for the real property and a valid claimant can assert his claim against the fund. *City of Chicago v. Gage*, 268 Ill. 232, 239.

There have been no further proceedings as permitted by Section 14 of the Eminent Domain Act.

■■ The Foss Park District made its deposit with the County Treasurer after the May 1969 judgment was affirmed and the mandate issued. Title to the condemned parcels could not vest in the Park District until the just compensation fixed in such order was paid. (*Chicago Park Dist. v. Downey Coal Co.*, 1 Ill.2d 54, 57.) When this was done, an order vesting fee simple title in the Park District was properly entered.

The judgment vesting fee simple title in the Park District entered by the circuit court of Lake County on August 4, 1971 is affirmed.

Judgment affirmed.

GUILD and WOODWARD, JJ., concur.