*In re* APPLICATION OF COUNTY COLLECTOR OF LAKE COUNTY—(JAY DROBNICK, Appellant.)

(No. 72-90;

Second District—September 6, 1973.

Mark Drobnick, of Waukegan, for appellant.

Frank M. Daly and William R. Stanczak, both of Waukegan, for appellee.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This action was brought by the Foss Park District seeking to have a tax sale judgment and order of sale against certain parcels of real estate vacated and the tax sale certificates cancelled. The court below entered such an order from which this appeal is taken. We affirm.

In 1968 the Foss Park District filed its petition to condemn certain parcels of real estate, title to which was in the First National Bank of Waukegan as trustee under Trust No. 616, and to acquire fee simple title thereto for park purposes and uses. A jury subsequently entered a verdict of just compensation to be made to the owner etc. of the parcels in the amount of $75,202. The trial court entered judgment on the jury's verdict. After denial of defendant's post trial motion, the defendant appealed to this court. On July 6, 1970 this court affirmed the judgment of the trial court, and on July 30, 1970 denied defendant's petition for rehearing. (*Foss Park District v. First National Bank of Waukegan* (1970), 125 Ill.App.2d 276, 260 N.E.2d 474.) The Illinois Supreme Court denied defendant's petition for leave to appeal. The United States Supreme Court denied *certiorari* on April 19, 1971 (402 U.S. 907), and denied rehearing on June 1, 1971 (402 U.S. 1013).

On May 6, 1971, the mandate of this court was issued to the clerk of the trial court. On July 29, 1971, the Foss Park District deposited the amount of the judgment with the county treasurer and on August 4,

1971, the trial court entered the order vesting fee simple title in the Foss Park District to the parcels taken. The defendant appealed from that order and the trial court was again affirmed. *Foss Park District v. First National Bank of Waukegan* (1973), 9 Ill.App.3d 560, 292 N.E.2d 584.

During the above described litigation, the general taxes on the subject parcels were not paid. Taxes were extended and levied against the property, and application for judgment and sale as to each parcel was made and entered.

The property in question was sold on November 18, 1969 and November 19, 1969 to one Jay Drobnick, who alleges that he is the owner of the tax sale certificates. Drobnick subsequently paid the taxes for the years 1969 and 1970. Drobnick served the Foss Park District with a notice stating that he would file a petition in this captioned matter praying that the court order tax deeds to issue conveying the property to him if the Foss Park District did not redeem before November 18, 1971.

On October 13, 1971, the Foss Park District filed its petition to vacate and set aside the order of sale and to cancel the tax certificates. A hearing was held on that petition, and the trial court entered an order vacating and setting aside the tax sale certificates and cancelling the same. Drobnick, the tax buyer, takes his appeal from that order.

Defendant Jay Drobnick is not one of the defendants in the eminent domain proceeding.

Defendant contended in the trial court that the park district had not sought a fee simple title to the land but only sought to acquire a base or determinable fee for golf course purposes and on cessation of that use the estate expires. The most recent appeal resolved this point against the defendant. *Foss Park District v. First National Bank of Waukegan* (1973), 9 Ill.App.3d 60, 292 N.E.2d 584.

■■ Defendant further contends that the depositing of the condemnation award with the county treasurer did not terminate his right as a tax buyer to obtain a tax deed. We resolve this issue in favor of the plaintiff.

■■ The case of *Board of Junior College District 504 v. Carey* (1969), 43 Ill.2d 82, 250 N.E.2d 644, is controlling as to the question before this court. The court there held that section 27(a), an amendment to the Revenue Act of 1939 (Ill. Rev. Stat. 1965, ch. 120, par. 508(a)) was unconstitutional. While that section is not an issue here, the comments of the court are directly applicable to the factual situation before us. The court stated that once the petition for condemnation is filed, and when the compensation award is determined and paid or deposited,

> "* * * the title which passes to the condemnor, by operation of law, relates back to the date the petition was filed. [Citations.]

\* \* \* Accordingly, the rights of the condemning Board of Junior College to the parcels and the rights of the appellants as to the land's valuation were fixed as of the time of the filing of the eminent domain petition, and though the Board's right to title vested when the award was deposited, the Board's title is deemed to have been acquired on the date of the filing of the petition. (43 Ill.2d 82, at 85.)

\* \* \* Prior to the invalid 1963 amendment to the Revenue Act discussed, Section 28.1 of the Revenue Act, as is relevant, provided that whenever fee-simple title to real property is taken for a tax-exempt use, 'such property shall be exempt from taxes from the date of the vesting of title.' (Ill. Rev. Stat. 1961, ch. 120, par. 509.1.) In *Public Building Com. of Chicago v. Continental Illinois Nat. Bank and Trust Co.*, 30 Ill.2d, 115, we construed this provision to mean that where there is a taking of title under eminent domain, the date of the filing of the condemnation petition is intended to be the termination date for liability for taxes on the land, and, therefore, general real-estate taxes for the year in which the petition is filed are to be prorated as of the date of the filing of the petition.

The appellants are therefore liable for 1965 real-estate taxes on the tracts taken, prorated as of October 13, 1965, the date of the filing of the condemnation petition, and, as has been seen, they are not liable for any portion of the 1966 real estate taxes assessed against the parcels taken." 43 Ill.2d 82, at 87.

See also *Chicago Park District v. Downey Coal Co.* (1953), 1 Ill.2d 54, 115 N.E.2d 223; and *City of Chicago v. McCausland* (1942), 379 Ill. 602, 41 N.E.2d 745.

■■ In résumé, in the case before us the petition to condemn was filed July 23, 1968. Over a year later, on November 18 and 19, 1969, Drobnick purchased the property in question at a tax sale and subsequently paid the 1969 and 1970 taxes. The condemnation award was deposited July 29, 1971, which by operation of law passed title to the condemnor as of July 23, 1968. So, at the time Drobnick purchased the property, during the pendency of the condemnation proceeding, the property was in fact exempt from taxation.

The judgment of the trial court is affirmed.

GUILD, P. J., and ABRAHAMSON, J., concur.