Foss Park District, Plaintiff-Appellee, *v.* The First National Bank of Waukegan, as Trustee, *et al.*, Defendants-Appellants.

(No. 73-277; ▮▮▮▮▮▮▮)

Second District—May 28, 1974.

Mark Drobnick, of Waukegan, for appellants.

William R. Stanczak, Frank M. Daly, and Dennis Daly, all of Waukegan, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The First National Bank of Waukegan, as trustee under Trust No. 616, and Joseph J. Drobnick, prosecute this appeal from an order of the Circuit Court of Lake County denying appellants' petition for disbursement to them of certain funds held by the county treasurer.

This litigation arises out of a condemnation suit. On July 23, 1968, Foss Park District filed a petition to condemn certain pieces of real estate, title to which was held by The First National Bank of Waukegan, as trustee under Trust No. 616. At the condemnation trial the jury found the just compensation to be paid for the taking of said real estate was $75,202, for which amount the trial judge entered his order on May 2, 1969.

On the first appeal to this court the judgment of the trial court was affirmed (*Foss Park District v. First National Bank of Waukegan* (1970), 125 Ill.App.2d 276) and rehearing denied. The Supreme Court of Illinois denied leave to appeal and a writ of *certiorari* was denied by the United States Supreme Court. On July 29, 1971, Foss Park District deposited the just compensation of $75,202 with the county treasurer and on August 4, 1971, the trial court entered its order vesting title to the property in Foss Park and granted the Park District the right to enter upon the land condemned.

The appellants then prosecuted a second appeal to this court, specifically from the trial court's order of August 4, 1971, citing in their notice of appeal that they were appealing from "the Order entered on or about August 4, 1971, vesting certain parcels of land or lots described as (here followed the legal descriptions) in fee simple title in the Foss Park District, a body corporate and politic and the entire contents of said Order, or any part of said Order". On this second appeal (*Foss Park District v. First National Bank of Waukegan* (1973), 9 Ill.App.3d 560) this court approved the order of the trial court dated August 4,

1971, which vested title in fee simple in Foss Park District and set certain requirements by way of a verified application before the compensation would be released to the appellants.

After that decision was rendered the appellants submitted a petition to the trial court applying for withdrawal of the funds representing the compensation award. Upon a hearing and objections raised by Foss Park District the trial court on May 15, 1973, denied the appellants' petition for the withdrawal of the funds on the ground that said petition "fails to comply with this Court's Order of August 4, 1971, and is insufficient for this Court to determine, pursuant to provisions of Section 14, Eminent Domain Act, who is entitled to the proceeds in question."

■■ While the present (and third) appeal to this court is ostensibly an appeal from the trial court's order of May 15, 1973, it is, in effect, an attempt to secure a review by this court of its previous decision of January 23, 1973, which affirmed the trial court's order of August 4, 1971. This is apparent from the fact that the appellants do not contend that anything has changed since the previous decision or since the order of August 4, 1971, nor do they claim that they have complied, or in good faith attempted to comply, with the order of August 4, 1971. Since the trial court's order of May 15, 1973, denying appellants' petition to withdraw the funds is based squarely on appellants' failure to comply with the order of August 4, 1971, it is obvious that it is that order which the appellants are really objecting to, specifically that part reading as follows:

> "That the County Treasurer of Lake County, Illinois, pay said sums only to applicants who are parties entitled to receive the compensation adjudged in this case and only upon their verified application that they have not since the filing of the petition to condemn herein executed any deed, trust deed, mortgage or other instrument conveying any right, title or interest whatsoever in the property described in said petition to condemn and as described in the Judgment Order; that there are no liens, judgments, decrees, attachments or orders of any court whose judgments, decrees or orders constitute liens in or rights against said property and said compensation, and no proceedings in bankruptcy are now pending by or against applicants; that the described property and the money held by the County Treasurer are free and clear of any and all encumbrances or liens by attachment, trust deed, trust deed notes, notice, mortgage, decree, judgment or by statute, or by reason of any proceedings in any court, state or nation, or filed in the office of the Clerk of any county or court in this state, and all other liens of every kind and nature whatso-

ever, recorded or unrecorded and further that applicants represent that they have no knowledge of any parties who have an interest in this property or the compensation deposited with the County Treasurer or these proceedings other than themselves and that they have caused due notice of this application to be served upon all parties in interest to said real estate and all parties in this proceeding."

The order of the trial court dated August 4, 1971, has already been affirmed in the previous appeal, and we will not go into the propriety of that order in the guise of reviewing the trial court's order of May 15, 1973. The latter merely, in effect, continued the order of August 4, 1971, and it is the order of substance involved here. A long line of Illinois cases holds to the well settled doctrine that a reviewing court will not again consider issues it passed on in a previous appeal. (*Weiland Tool & Manufacturing Co. v. Whitney* (1968), 100 Ill.App.2d 116, 241 N.E.2d 533; *La Salle National Bank v. Wieboldt Stores, Inc.* (1968), 102 Ill.App. 2d 339; *Presbyterian Distribution Service v. Chicago National Bank* (1962), 36 Ill.App.2d 1; *Hammer v. Slive* (1962), 35 Ill.App.2d 447.) As was said in the case of *George v. Walters* (1922), 224 Ill.App. 1, 3, "A case cannot be taken to a court of review by piecemeal." Whatever issues could have been raised in the previous appeal as to the propriety of the court's order of August 4, 1971, in affirming that order this court foreclosures further consideration of them, except on rehearing.

Had the appellants felt that the decision on the second appeal was in some respect erroneous or that some issue had not been considered, they should have petitioned for a rehearing. (Supreme Court Rule 367; *Funk v. People* (1910), 157 Ill.App. 614). The time for doing so long since expired.

The trial court's order of August 4, 1971, having been affirmed by this court in the previous appeal (*Foss Park District v. First National Bank of Waukegan* (1973), 9 Ill.App.3d 560) is still valid and remains in effect. Since the order of May 15, 1973, merely adhered to the order of August 4, 1971, the issue presented in the appeal has already been passed on and the order appealed from is affirmed.

Judgment affirmed.

GUILD and HUNT, JJ., concur.